# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE: WHISTLER ENERGY II, LLC

CIVIL ACTION

NO: 19-13286

SECTION: "H"(1)

## ORDER AND REASONS

Before the Court is the Trustee Kenneth Lefoldt, Jr.'s Motion for Interlocutory Appeal (Doc. 1). For the following reasons, the Motion is DENIED.

## BACKGROUND

On March 24, 2016, an involuntary petition for Chapter 11 bankruptcy was filed against Whistler Energy II, LLC ("Whistler Energy"). On January 25, 2017, a plan of reorganization was confirmed. As part of the plan, certain causes of action were transferred and assigned to a litigation trust. Subsequently, the Trustee of the Whistler Energy II, LLC Litigation Trust filed a Complaint against Baker Hughes Oilfield Operations, LLC ("Baker Hughes")

1

in bankruptcy court seeking to avoid and recover an allegedly preferential transfer made to Baker Hughes by Whistler Energy.

Baker Hughes provided services and products to Whistler Energy in connection with its oil and gas productions.

> One of the things Baker Hughes provided was a "pup joint" for the A5 Well. It turns out that the pup joint was the wrong size, and this caused a delay of several days in the drilling operation, which in turn caused the debtor to lose money. The debtor withheld payment to Baker Hughes on 14 invoices involved with the problem, and the parties attempted to work out a resolution. Eventually the parties entered into a settlement agreement, whereby the debtor agreed to make two payments to Baker Hughes, and Baker Hughes agreed to accept $200,000 less than the face amount of the invoices. The two payments were made on December 15, 2015 in the amount of $968,017.15, and December 31, 2015 in the amount of $968,017.16. The two payments resolved the problem between the parties, and the debtor did not do any more business with Baker Hughes. Only the December 31, 2015 payment falls within the preference period.[1]

The Trustee seeks to avoid the December 31, 2105 payment.

On October 10, 2019, the bankruptcy court granted a partial summary judgment, ruling for the Trustee on the elements of a preferential transfer under 11 U.S.C. § 547(b)(1)-(2), and (b)(4)-(5). However, the bankruptcy court denied summary judgment on the issue of the debtor's insolvency on the date of the transfer and on the issue of whether the transfer can be protected from avoidance by the ordinary course of business defense under § 547(c)(2)(B). The court found that the parties' competing experts on the issues presented a material issue of fact inappropriate for resolution on summary judgment.

---

[1] Adversary Proceeding No. 18-1028, Doc. 109.

The Trustee now seeks an interlocutory appeal of the issues on which the bankruptcy court denied summary judgment. Baker Hughes opposes the Trustee's attempt to take an interlocutory appeal but seeks to assert a cross-appeal if the Trustee's motion is granted.

## **LEGAL STANDARD**

According to 28 U.S.C. § 158(a), a party may appeal an interlocutory order of the bankruptcy court only "with leave of court." While 28 U.S.C. § 158(a) does not expressly indicate the standard that should be used in considering whether to grant leave to appeal, the Fifth Circuit has stated that "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders."[2] The standard under 28 U.S.C. § 1292(b) requires the consideration of three elements: (1) whether a controlling issue of law is involved; (2) whether the question is one where there is substantial ground for difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation. "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion."[3]

---

[2] Matter of Ichinose, 946 F.2d 1169, 1176–77 (5th Cir. 1991); *see, e.g.*, In re Cent. Louisiana Grain Co-op., Inc., 489 B.R. 403, 408 (W.D. La. 2013).
[3] In re O'Connor, 258 F.3d 392, 399–400 (5th Cir. 2001).

## LAW AND ANALYSIS

The Trustee asks this Court to answer the following questions: (1) whether the bankruptcy court should have conducted a *Daubert* analysis prior to holding that Baker Hughes's expert report created a material issue of fact as to the debtor's insolvency, and (2) whether the ordinary course defense applies to a preferential transfer made pursuant to a settlement agreement. "[A] question of law is controlling if reversal would terminate the litigation."[4] "[I]n determining whether certification will materially advance the ultimate termination of the litigation, the district court considers whether it will eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery."[5] This Court finds that the issues that the Trustee seeks to appeal do not involve controlling issues of law and will not materially advance the termination of this matter.

The Trustee argues that the bankruptcy court should have employed a *Daubert* analysis of Baker Hughes's expert, that such an analysis would have resulted in the exclusion of that expert's opinions, that Baker Hughes would therefore have been unable to rebut the presumption of insolvency, and that summary judgment could have been granted in the Trustee's favor on the issue of insolvency. Baker Hughes argues, however, that it asserted sufficient *other* evidence of solvency to raise a fact issue regardless of the admissibility of its expert, such as financial statements and testimony from the debtor's CEO. Accordingly, the question upon which the Trustee appeals is not a controlling

---

[4] Decena v. Am. Int'l Cos., No. 11-1754, 2012 WL 1640455, at *2 (E.D. La. 2012) (citing Breeden v. Transocean Offshore Ventures, No. 00-2561, 2001 WL 125343, at *1).

[5] In re Stewart, No. 09-3521, 2009 WL 2461672, at *2 (E.D. La. 2009) (citing In re Babcock & Wilcox Co., No. 00-1154, 2000 WL 823473, at *2 (E.D. La. 2000)).

issue of law. Even if this Court finds that the bankruptcy court should have conducted a *Daubert* analysis, it might still find that Baker Hughes submitted sufficient other evidence to withstand summary judgment. Accordingly, reversal would not necessarily result in the termination of this action and would not materially advance the ultimate resolution of the action.

The second issue that the Trustee seeks to appeal is likewise inappropriate for an interlocutory review. In its defense to the Trustee's preference action, Baker Hughes argued that the transfer at issue was made according to ordinary business terms and therefore cannot be avoided pursuant to § 547(c)(2). In denying summary judgment on the ordinary course of business defense, the bankruptcy court held that the parties had presented conflicting expert opinions regarding the ordinary terms in the industry and it therefore could not resolve the factual dispute on summary judgment.[6] The Trustee argues that this holding was in error because transfers made pursuant to settlement agreements do not fall within the ordinary course of business defense as a matter of law. In support of this argument, the Trustee cites to several cases that state that "payments made in connection with settlement of *litigation* do not fall within the 'ordinary course of business' defense of section 547(c)(2)."[7] It is undisputed that the settlement reached here was not a result

---

[6] Adversary Proceeding No. 18-1028, Doc. 109.

[7] In re Quality Infusion Care, Inc., No. 10-36675, 2013 WL 6189948, at *12 (Bankr. S.D. Tex. Nov. 25, 2013) (internal quotations omitted) (emphasis added); In re A. Angelle, Inc., 230 B.R. 287, 299 (Bankr. W.D. La.), *modified*, 230 B.R. 306 (Bankr. W.D. La. 1998) ("Thus, it appears appropriate to enforce a *per se* rule that litigation settlements are not to be treated under any circumstances as transfers either 'in the ordinary course of business' or 'according to ordinary business terms.'").

of litigation, and therefore, the Trustee has not shown that there is a rule of law that controls here. Rather, the issue of whether the transfer that Whistler Energy made to Baker Hughes was made according to ordinary business terms in the industry is a question of fact. "[T]he inquiry is whether a particular arrangement is so out of line with what others do that it cannot be said to have been made in the ordinary course."[8] The cases cited by the Trustee may be relevant to this inquiry; however, such questions of fact are inappropriate for consideration on an interlocutory appeal.[9] Issues presented on interlocutory appeal should not require the court to "go hunting through the record."[10] Further, reversal of this issue on appeal would not materially advance the resolution of this action because there might still be an issue of fact as to insolvency as discussed above. Accordingly, the Trustee has not satisfied the standard to appeal under 28 U.S.C. § 158(a) and 28 U.S.C. § 1292(b) or identified any exceptional circumstances warranting such relief.

---

[8] In re SGSM Acquisition Co., LLC, 439 F.3d 233, 239 (5th Cir. 2006).
[9] Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co., 702 F.2d 67, 69 (5th Cir. 1983) (stating fact-review questions are inappropriate for interlocutory appeal).
[10] Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (internal citation omitted).

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 19th day of March, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**